# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 42  SSM 1
The People &c.,
      Appellant,
    v.
Darrin McGhee,
      Respondent.

Submitted by Alexander Michaels, for appellant.
Submitted by Ben A. Schatz, for respondent.

MEMORANDUM:

The order of the Appellate Division should be reversed and the case remitted to that Court for further proceedings in accordance with this memorandum.

- 1 -

The only issue properly before us on this appeal is whether the Appellate Division correctly determined that a witness statement that was disclosed by the People after defendant's trial was material for purposes of defendant's *Brady* claim (*see Brady v Maryland*, 373 US 83, 87 [1963]).  "To make out a successful *Brady* claim, 'a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material'" (*People v Garrett*, 23 NY3d 878, 885 [2014], quoting *People v Fuentes*, 12 NY3d 259, 263 [2009]).  Where, as here, the defendant made a specific request for the evidence in question, "[w]e must examine the trial record, evaluat[e] the withheld evidence in the context of the entire record, and determine in light of that examination whether there is a reasonable possibility that the result of the trial would have been different if the evidence had been disclosed" (*People v Giuca*, 33 NY3d 462, 476 [2019] [internal quotation marks omitted]; *see Turner v United States*, 582 US ___, ___, 137 S Ct 1885, 1893 [2017]; *People v Ulett*, 33 NY3d 512, 520 [2019]; *People v Vilardi*, 76 NY2d 67, 77 [1990]).

Our examination of the trial record and evaluation of the withheld evidence reveals there is no reasonable possibility that the People's failure to disclose the witness statement at issue undermined the fairness of defendant's trial or impacted the verdict (*see Giuca*, 33 NY3d at 476).  The undisclosed witness's description of the shooter and his flight path did not differ in any material respect from that of the eyewitness who identified defendant in court as the perpetrator.  Moreover, the jury's verdict was supported by considerable other evidence, including the testimony of a cooperating witness who planned the crime with

defendant, provided a weapon and cellphone for defendant's use, observed defendant approach and leave the site of the shooting at the time it occurred, and described the manner in which the weapon was destroyed after the shooting; testimony by the spouse of the cooperating witness confirming defendant's involvement; the testimony of additional witnesses who described the perpetrator's clothing and his movements following the shooting; telephone records; and surveillance videos showing defendant's proximity, clothing, and behavior immediately after the crime.  Under these circumstances, the undisclosed witness statement lacked sufficient impeachment value to cast any doubt on the fairness of defendant's trial (*compare People v Rong He*, 34 NY3d 956, 959 [2019]). Furthermore, considering the totality of the evidence, there is no reasonable possibility that the statement supported an alternative theory of defense, nor has defendant demonstrated any likelihood that the statement would have led to additional admissible evidence (*compare id.*; *Ulett*, 33 NY3d at 521; *cf. Turner*, 582 US at ___, 137 S Ct at 1887). Accordingly, defendant has failed to show that "'prejudice arose because the suppressed evidence was material'" (*Garrett*, 23 NY3d at 885, quoting *Fuentes*, 12 NY3d at 263).

On review of submissions pursuant to section 500.11 of the Rules, order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Wilson concur.

Decided March 25, 2021